**Gary W. Osborne (Bar No. 145734)**
**Dominic S. Nesbitt (Bar No. 146590)**
OSBORNE & NESBITT LLP
501 West Broadway, Suite 1760
San Diego, California 92101
Phone: (619) 557-0343
Fax: (619) 557-0107
E-mail: gosborne@onlawllp.com

Attorneys for Plaintiff
PC Specialists, Inc., dba Technology Integration Group

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PC SPECIALISTS, INC., dba TECHNOLOGY INTEGRATION GROUP, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TWIN CITY FIRE INSURANCE COMPANY, an Indiana corporation,<br><br>Defendant. | CASE NO.  **'14CV1920 BEN MDD**<br><br>**COMPLAINT FOR BREACH OF CONTRACT; TORTIOUS BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; AND FOR PUNITIVE DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff PC SPECIALISTS, INC., dba TECHNOLOGY INTEGRATION GROUP ("TIG"), alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. The matter in controversy is between citizens of different states. The Plaintiff is diverse of citizenship from the Defendant. Plaintiff TIG was incorporated in California and has its principal place of business in San Diego, California. Defendant Twin City Fire Insurance Company was incorporated in Indiana, and has its principal place of business in Connecticut.

COMPLAINT
1

3. Venue is proper in this District under 28 U.S.C. §1391(a) and (c). Plaintiff resides in this District, Plaintiff and Defendant transact business in this District, and the contract of insurance which is the subject of this action was entered into and to be performed within this District.

## THE PARTIES

4. Plaintiff TIG is a corporation duly organized and existing under the laws of the State of California. TIG's principal place of business is located in San Diego, California.

5. Defendant Twin City Fire Insurance Company ("Twin City") is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business located in Connecticut, and doing business in the State of California.

## GENERAL ALLEGATIONS

A. **Twin City Issues a Liability Policy Promising to Pay Defense Costs Incurred by TIG in Defense of a Claim Against TIG for its Acts or Omissions**

6. Twin City issued and caused to be delivered to TIG in San Diego, California, its Private Choice Encore!! Policy, with Directors, Officers and Entity Liability coverage, bearing policy number 00 KB 0254059-08, for the policy period from October 31, 2008 to October 31, 2009.

7. By the terms of this policy, Twin City promised to pay reasonable and necessary legal fees and expenses incurred in the investigation, defense or appeal of a civil proceeding against TIG commenced during the policy period for a "Wrongful Act," defined to include any actual or alleged error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed by TIG. Pursuant to the terms of the policy, the limit of liability with respect to defense costs incurred in the investigation, defense or appeal of a claim against TIG under the Directors, Officers and Entity Liability Coverage Part of the policy, is $1,500,000.

///

8.  TIG paid the full premiums due, and has performed all conditions required of it under the policy with respect to the insurance benefits sought against Twin City herein.

B.  **TIG is Sued by FusionStorm for Alleged "Wrongful Acts"**

9.  TIG is a full service provider of information technology solutions for small, medium, enterprise, government and education organizations.

10.  FusionStorm is also a national provider of technology solutions and is a competitor of TIG.

11.  On January 16, 2007, TIG filed a Complaint against FusionStorm and certain individuals in San Diego County Superior Court in an action entitled *PC Specialists, Inc., dba Technology Integration Group v. FusionStorm, et al.*, and bearing case number GIC 878437 (the "Action"). The Action was subsequently transferred to San Francisco County Superior Court and assigned Case No. CGC07-464358. A Third Amended Complaint was filed in the Action by TIG on July 15, 2009.

12.  On July 20, 2009, FusionStorm filed in the Action a Cross-Complaint against TIG and certain individuals. FusionStorm's Cross-Complaint alleged, *inter alia*, that TIG had approached vendors who FusionStorm works with or has the potential to work with in the future to try to intimidate the vendors from no longer working with FusionStorm and/or to refrain from working with FusionStorm. FusionStorm alleged that TIG's obstructive conduct included but was not limited to alleging unlawful conduct against the vendors, threatening baseless lawsuits against vendors, harassing vendor representatives, and alleging that FusionStorm employees would be going to jail. FusionStorm alleged that as a proximate result of TIG's conduct, FusionStorm has suffered the loss of close vendor contractual relationships and the prospect of future opportunities from certain vendors, that FusionStorm had lost customers, and had suffered injury to reputation in the Value Added Reseller market. Based on these allegations, FusionStorm asserted causes of action against TIG for Intentional Interference with Contractual Relations, Intentional Interference with

Prospective Economic Relations, Declaration under CCP Section 1060, and Statutory Unfair Competition. FusionStorm sought recovery from TIG of both general and punitive damages.

### C. FusionStorm's Cross-Complaint is Tendered to Twin City

13. TIG, through its insurance broker, tendered the FusionStorm Cross-Complaint to Twin City for a defense on October 28, 2009. By letter dated January 25, 2010, Twin City stated that it would "provide TIG with a defense."

### D. Trial of FusionStorm's Cross-Complaint Results in a Judgment in Favor of TIG and Against FusionStorm

14. A jury trial in the Action commenced on June 7, 2010. FusionStorm's cross-claims against TIG were tried to the jury at that time. On July 15, 2010, the jury returned a verdict in favor of TIG and against FusionStorm. On August 17, 2010, the parties agreed to settle their disputes, and the next day, a stipulated judgment was entered in favor of TIG.

### E. Twin City Fails and Refuses to Pay Defense Costs Reasonably and Necessarily Incurred by TIG in Defense of FusionStorm's Cross-Complaint

15. Between tender (October 28, 2009) and conclusion of the Action, TIG incurred approximately $4,308,717.93 in attorney fees and costs related to such Action. Some of these fees and costs were for work that was solely related to TIG's defense against the FusionStorm cross-claims; some were for work solely related to TIG's prosecution of its own claims; and some were for work related to both defense and prosecution.

16. On or about August 10, 2012, TIG submitted its post-tender attorney invoices to Twin City along with a demand for payment of fees and costs that were reasonable and necessary to TIG's defense against FusionStorm's cross-claims.

17. On March 20, 2013, Twin City responded to TIG's demand via a letter from its insurance coverage counsel. In that letter, Twin City explained the methodology it used to arrive at its allocation of TIG's reasonable and necessary

defense costs, and based on that methodology, took the position that only $82,922.34 of TIG's post-tender fees and costs, *i.e.*, only about 1.9% of the total, were reasonable and necessary to TIG's defense against FusionStorm's cross-claims. After deducting the policy's applicable $25,000 retention, Twin City contended that TIG's covered fees and costs totaled only $57,922.34, and enclosed a check for this amount.

## FIRST CLAIM FOR RELIEF
### Breach of Contract (Duty to Pay Defense Costs)

18. TIG incorporates and re-alleges paragraphs 1 through 17 as though fully set forth herein.

19. TIG performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the policy.

20. Twin City breached the terms of its policy by wrongfully failing to pay insurance benefits to TIG, which benefits are now due and payable in respect of all post-tender amounts reasonably and necessarily incurred by TIG to defend itself against the FusionStorm Cross-Complaint.

21. As a direct and proximate result of the above-mentioned breaches of contract by Twin City, TIG has been damaged in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### Tortious Breach Of The Implied Covenant Of Good Faith And Fair Dealing

22. TIG incorporates and re-alleges paragraphs 1 through 17 as though fully set forth herein.

23. A relationship of trust and confidence was established between Twin City, on the one hand, and TIG, on the other hand, by virtue of TIG's status as an insured under the policy. Twin City had a duty to deal fairly and in good faith with TIG in all matters between them.

///
///

24. TIG is informed and believes and on that basis alleges that Twin City breached its duty of good faith and fair dealing when, among other things, it did the following:

    a. failed to conduct an adequate and thorough investigation of TIG's claim for defense costs before refusing to pay any more than 1.9% of TIG's total post-tender fees;

    b. ignored evidence presented to Twin City which supports coverage for the defense costs submitted for payment, including without limitation ignoring defense counsel's representation that there existed substantial overlap between the factual and legal issues relevant to both TIG's prosecution of its affirmative claims and TIG's defense of FusionStorm's cross-claims;

    c. misstated or mis-characterized information provided to it by TIG's defense counsel so as to support its stated position concerning the proper allocation of submitted fees and costs between covered and non-covered;

    d. deliberately and consciously ignored correspondence and legal argument and precedent from TIG that established that far more than Twin City had paid was owing to TIG;

    e. ignored California law in evaluating its obligation to reimburse TIG's defense costs;

    f. although agreeing to reimburse only a small fraction of TIG's attorney fees, Twin City refused to pay any of TIG litigation costs;

    g. failed to give at least as much consideration to the welfare of TIG as it did to its own interests.

25. As a direct and proximate result of the above-mentioned breaches of the duty of good faith and fair dealing, TIG has been damaged in an amount to be proven at trial.

COMPLAINT
6

26. TIG is informed and believes and on that basis alleges that Twin City denied insurance benefits to TIG despite knowing facts which clearly and unambiguously demonstrated that such insurance benefits were owed to TIG. TIG is further informed and believes and on that basis alleges that despite this knowledge, however, Twin City made a calculated decision to wrongfully deny TIG's claim for such insurance benefits, and gamble that its denial would go unchallenged. TIG is further informed and believes and on that basis alleges that Twin City intentionally denied TIG's claim for insurance benefits despite knowledge of its coverage obligations, and acted with an intent to enrich itself while injuring and harming TIG. Twin City's conduct in this matter satisfies the statutory grounds of "oppression, fraud or malice" so as to justify an award of punitive damages in order to punish it and to deter such conduct in the future.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For damages sustained as a result of the breaches and tortious breaches of contract alleged herein, according to proof;

2. For attorney's fees including, but not limited to, an award of attorney's fees pursuant to *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985);

3. For punitive damages pursuant to California Civil Code section 3294; and

4. For prejudgment interest, costs and expenses of suit, and such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury pursuant to FRCivP 38(b).

DATED:  August 15, 2014                    OSBORNE & NESBITT LLP

By:  /s/ Gary W. Osborne
Gary W. Osborne
Attorneys for Plaintiff PC
SPECIALISTS, INC., DBA
TECHNOLOGY INTEGRATION
GROUP